IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ABDUL QASIM RAY ZAHIR,

  Petitioner,    Civil No. 076274-CL

  v.        FINDINGS AND
           RECOMMENDATION
U.S. DISTRICT COURT,

  Respondent.

CLARKE, Magistrate Judge.

  Petitioner filed a petition under 28 U.S.C. § 2241 challenging the conditions of his confinement in the Lane County Jail.

  Respondent now moves to dismiss on the ground that petitioner's claim is moot.

  Respondent's Exhibit 1[1] indicates that petitioner is presently incarcerated at the Federal Correctional Institution at Victorville, California.

---

[1] Filed under seal by order of the court because it contains confidential medical information about petitioner.

1 - FINDINGS AND RECOMMENDATION

Petitions for habeas relief, like all other invocations of federal jurisdiction, are subject to the "case or controversy" requirement of Article III, Section 2, of the United States Constitution. Spencer v. Kemma, 523 U.S. 1 (1998); Lewis v. Continental Bank Corp., 494 U.S. 472 (1990). The "actual controversy must exist at all stages of appellate review, not simply at the date on which the action is initiated." Roe v. Wade, 410 U.S. 113, 125 (1973).

A petitioner's release on parole renders his habeas claims moot. Burnette v. Lampert, 432 F.3d 996 (9th Cir. 1995) [§2254 petition]. In this case, petitioner has not been released on parole. However, he has been transferred from the Lane County Jail. Therefore his claims challenging the conditions of his confinement at that facility are moot. Picron v. Rison, 930 F.2d 773 (9th Cir. 1991) ["If it appears we are without power to grant the relief requested, the case is moot"]; see also, Taylor v. Rogers, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986); Moore v. Thieret, 862 F.2d 148, 150 (7th Cir. 1988) [a prisoner's transfer renders moot a request for injunctive relief].

Respondent's Motion to Dismiss (#4) should be allowed. Petitioner's Petition (#1) should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate

Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or

/////

/////

judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this ꟾꟾ day of October, 2007.

_____
Mark D. Clarke
United States Magistrate Judge